Kirk D. Miller, WSBA #40025
*Kirk D. Miller, P.S.*
421 W. Riverside Ave., Suite 660
Spokane, WA 99201
(509) 413-1494 Telephone
(509) 413-1724 Facsimile

Brian Cameron, WSBA #44905
*Cameron Sutherland, PLLC*
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
(509) 315-4507 Telephone
(509) 315-4585 Facsimile

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RYAN DALEY, and individual, and ISAAK CURRY, an individual, each on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GREYSTAR MANAGEMENT SERVICES, L.P., a Delaware corporation,<br><br>Defendant. | Case No.:<br><br>COMPLAINT<br><br>(JURY DEMANDED) |

Plaintiffs Ryan Daley and Isaak Curry, each on behalf of himself and all others similarly situated, by and through their attorneys, Kirk D. Miller of *Kirk D. Miller, P.S.*, and Brian G. Cameron of *Cameron Sutherland, PLLC*, allege the following:

COMPLAINT - 1

## I. COMPLAINT

1.1  This is an action for damages and remedies against GREYSTAR MANAGEMENT SERVICES, L.P. ("Greystar"), pursuant to the Washington Residential Landlord-Tenant Act (RCW 59.18, *et seq*.)

## II. JURISDICTION & VENUE

2.1  Jurisdiction of this Court arises under 28 U.S.C. § 1332.

2.2  Defendant is a citizen of Delaware State.

2.3  Plaintiffs are each citizens of Washington State.

2.4  The matter in controversy is a putative class action which exceeds the sum or value of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

2.5  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

2.6  Venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendant conducts affairs and transacts business in this District, and the unlawful acts giving rise to this Complaint occurred in this District.

## III. PARTIES

3.1  At all relevant times, Plaintiff Daley was a resident of Washington State, residing within the territorial jurisdiction area of the United States District Court for the Eastern District of Washington.

3.2  At all relevant times, Plaintiff Curry was a resident of Washington State, residing within the territorial jurisdiction area of the United States District Court for the Eastern District of Washington.

3.3  Defendant Greystar is a Delaware corporation primarily engaged in the business of managing rental properties in Washington State and elsewhere.

3.4  Defendant and its related, parent, and subsidiary corporations are a provider of services to residents, property owners, and investors in the multifamily real estate industry.

3.5  Defendant is an owner, lessor, sublessor, or the designated representative of the owner, lessor, or sublessor, or an agent, resident manager, or a designated property manager for multiple dwelling units, or the property of which the dwelling unit is a part, throughout Washington State and elsewhere.

3.6  Defendant is a "Landlord" as defined by RCW 59.18.030(14).

## IV. FACTS

4.1  In May 2018, Plaintiff Daley applied to rent a unit at the Bella Tess apartment complex in Spokane, Washington.

4.2  The Bella Tess apartments are owned or managed by Defendant Greystar.

COMPLAINT - 3

4.3  In January 2018, Plaintiff Curry applied to rent a unit at The Homestead apartment complex in Spokane, Washington.

4.4  The Homestead apartments are owned or managed by Defendant Greystar.

4.5  Defendant obtains a tenant screening report on all prospective Washington State tenants, who are over the age of eighteen, including Plaintiffs.

4.6  All prospective tenants in Washington State, who are over the age of eighteen, are required to pay a tenant screening fee prior to renting a unit at any property Defendant owns or manages.

4.7  Defendant utilizes web-based RealPage, Inc. to facilitate all online applications and tenant screening reports.

4.8  Defendant uses consumer reports to screen prospective tenants.

4.9  Prior to a prospective tenant being charged for a tenant screening fee, Defendant, either directly or through a RealPage, Inc. website, provides standardized disclosures to all prospective tenants.

4.10  The tenant screening fee is non-refundable.

//

//

COMPLAINT - 4

4.11 Prior to charging a tenant screening fee, Defendant discloses to all prospective tenants, in relevant part:

> This information may be provided in the form of a consumer report obtained from one or more of the consumer reporting agencies listed below …

4.12 Under the Defendant's statement set forth above in ¶ 4.11, Defendant lists four (4) possible consumer reporting agencies from which Defendant might possibly obtain information regarding the prospective tenant.

4.13 Prior to the prospective tenant paying the tenant screening fee, Defendant does not disclose in writing, or by posting, from which, if any, of the four listed consumer reporting agencies Defendant will obtain a report.

4.14 Defendant does not obtain consumer reports on prospective Washington tenants from more than one of the listed consumer reporting agencies.

4.15 Defendant obtains consumer reports from RealPage, Inc., which compiles consumer information obtained from other sources.

4.16 Defendant only obtained a consumer report from RealPage, Inc. when deciding whether to accept Plaintiff's application.

COMPLAINT - 5

4.17 Prospective tenants are unable to find out through any medium which of the four consumer reporting agencies provided information to Defendant, unless the rental application is denied or conditionally approved by Defendant.

4.18 For any prospective tenant, information contained in the consumer reports from the four different possible sources may be different.

4.19 Prior to a prospective tenant paying the tenant screening fee, Defendant does not disclose to any prospective tenant in writing, or by posting, whether it will accept a comprehensive reusable tenant screening report.

4.20 Defendant provides uniform tenant screening disclosures to all prospective Washington tenants.

## V. VIOLATIONS OF WASHINGTON'S RESIDENTIAL LANDLORD-TENANT ACT (RLTA), RCW 59.18, *ET SEQ*.

5.1 In 2012, the Washington State Legislature found the following with respect to landlords' use of tenant screening reports:

> The legislature finds that residential landlords frequently use tenant screening reports in evaluating and selecting tenants for their rental properties. These tenant screening reports purchased from tenant screening companies may contain misleading, incomplete, or inaccurate information, such as information relating to eviction or other court records. It is challenging for tenants to dispute errors until

COMPLAINT - 6

after they apply for housing and are turned down, at which point lodging disputes are seldom worthwhile. The costs of tenant screening reports are paid by applicants. Therefore, applicants who apply for housing with multiple housing providers pay repeated screening fees for successive reports containing essentially the same information.

5.2 Prior to the tenant being charged any fee for a tenant screening report, Defendant was, at all times relevant to this action, required by RCW 59.18.257 to provide the name and address of the consumer reporting agency from which it will obtain information about the prospective tenant.

5.3 Prospective tenants may decide where they will apply to rent based on which consumer report will be used for screening.

5.4 A prospective tenant who knows that derogatory information exists on one consumer report may choose not to waste the screening fee if another landlord utilizes the same report.

5.5 Alternatively, a prospective tenant may choose to apply with a prospective landlord because the prospective tenant knows that a particular consumer report contains no derogatory information.

5.6 Defendant's practice of providing the name and address of multiple possible sources of consumer information, from which any one, or none, may be used to screen the prospective tenant frustrates a

COMPLAINT - 7

prospective tenant's ability to make informed decisions regarding where to apply for rental housing.

5.7 Defendant's practice of providing multiple possible sources from which it may obtain a consumer report, without disclosing specifically which consumer report will be accessed, violates RCW 59.18.257(1)(a)(iii).

5.8 Effective June 9, 2016, prior to obtaining any information about a prospective tenant, Washington landlords were required to notify all prospective tenants in writing, or by posting, whether or not the landlord will accept a comprehensive reusable tenant screening report made available to the landlord by a consumer reporting agency. RCW 59.18.257(1)(a)(iv).

5.9 Defendant does not notify prospective tenants in writing, or by posting, whether or not it will accept a comprehensive reusable tenant screening report.

5.10 Defendant's failure to disclose whether it accepts a reusable tenant screening report violates RCW 59.18.257(1)(a)(iv).

5.11 Effective June 9, 2016, any landlord who maintains a web site advertising the rental of a dwelling unit or as a source of information for current or prospective tenants must include a statement on the property's home page stating whether or not the landlord will accept a

COMPLAINT - 8

comprehensive reusable tenant screening report made available to the landlord by a consumer reporting agency.

5.12 Defendant maintains web sites for all of its rental properties.

5.13 Defendant's websites advertise the properties and act as a source of information for current or prospective tenants.

5.14 None of the Defendant's web sites state on the property's home page whether or not the landlord will accept a comprehensive reusable tenant screening report.

5.15 Defendant's failure to disclose on the property's home page whether or not it will accept a comprehensive reusable tenant screening report violates RCW 59.18.257(2).

5.16 Landlords who violate RCW 59.18.257(1) are prohibited from charging prospective tenants for tenant screening fees.

5.17 By failing to provide the required information prior to the Plaintiff and the members of the putative class being charged for tenant screening fees, Defendant violated RCW 15.18.257(1)(b).

5.18 By charging prohibited tenant screening fees, Defendant caused damage to the Plaintiff and others.

COMPLAINT - 9

5.19 Defendant has required more than one thousand (>1,000) prospective Washington tenants to pay a tenant screening fee, as a condition of its rental application process, since June 9, 2016.

5.20 Defendant has required more than ten thousand (>10,000) prospective Washington tenants to pay a tenant screening fee, as a condition of its rental application process, since June 9, 2016.

## VI. UNJUST ENRICHMENT

6.1 Defendant was prohibited pursuant RCW 59.18.257 from charging any prospective Washington tenant a fee for tenant screening.

6.2 Defendant benefitted from receiving consumer reports and other useful information as a result of the prospective tenants paying the tenant screening fee.

6.3 Defendant was unjustly enriched by receiving the reports paid for by prospective tenants.

6.4 The value of the reports and information obtained by Defendant on each prospective tenant is equal to the amount paid by each tenant.

6.5 Defendant should not be allowed to retain the value it received via the illegal charges paid by the prospective tenants.

COMPLAINT - 10

## VII. CLASS ALLEGATIONS

This action is brought on behalf of a class consisting of:

7.1 All persons;

7.2 Who applied to rent any property in the state of Washington;

7.3 Where the rental property, on the date of the application, was owned or managed by Defendant Greystar, or where Defendant Greystar was a "landlord" of the property, as defined by RCW 59.18.030(14);

7.4 Who paid any tenant screening fee to Defendant or its affiliates.

    7.4.1 For violations related to Defendant's failure to provide the consumer reporting agency information, the class period is three (3) years prior to filing of this action, through the date that the class is certified;

    7.4.2 For violations related to Defendant's failure to provide information regarding the comprehensive reusable tenant screening report, the class period is June 9, 2016, through the date that the class is certified.

7.5 Plaintiffs have the same claims as the members of the class. All of the claims are based on the same factual and legal theories.

7.6 Plaintiffs will fairly and adequately represent the interests of the class members. Plaintiff is committed to vigorously litigating this matter.

COMPLAINT - 11

7.7 Neither Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue this claim.

7.8 A class action is a superior method for the fair and efficient adjudication of this controversy.

7.9 Class wide damages are essential to induce Defendant to comply with the law.

7.10 The interests of the class members in individually controlling the presentation of separate claims against the Defendants is small, because the amount of damages recoverable in an individual case under RCW 59.18.257 is relatively small.

7.11 Certification of a class pursuant to Fed. R. Civ. Pro 23(b)(3) is appropriate. A class action is the only appropriate means of resolving this controversy because the class members are not aware of their rights, the class is comprised of a largely vulnerable population, and the amount of available damages for many of the class members may be relatively small. In the absence of a class action, a failure of justice will result.

7.12 Certification of a class pursuant to Fed. R. Civ. Pro. 23(b)(2) is also appropriate. Defendants acted on grounds generally applicable to the

COMPLAINT - 12

class, making declaratory relief appropriate with respect to the class as a whole.

## VIII. DEMAND

WHEREFORE, Plaintiffs demand judgment as follows:

8.1 Actual damages in the amount paid for tenant screening by each prospective tenant class member;

8.2 Statutory damages of one hundred dollars ($100) per prospective tenant, pursuant to RCW 59.18.257(3);

8.3 Costs and reasonable attorney's fees pursuant to RCW 59.18.257(3);

8.4 Pre-judgment interest on all amounts paid by prospective tenants for tenant screening fees;

8.5 Post-judgment interest;

8.6 Declaratory judgment that Defendant's practices violate Washington's Residential Landlord-Tenant Act (RCW 59.18, et seq.); and

8.7 Such other and further relief as may be just and proper.

DATED this 11th day of December, 2018.

*Kirk D. Miller, P.S.*                           *Cameron Sutherland, PLLC*

/s Kirk D. Miller                                /s Brian G. Cameron
Kirk D. Miller, WSBA #40025          Brian G. Cameron, WSBA #44905
Attorney for Plaintiff                          Attorney for Plaintiff

COMPLAINT - 13