Kirk D. Miller, WSBA #40025
*Kirk D. Miller, P.S.*
421 W. Riverside Avenue, Suite 660
Spokane, WA 99201
(509) 413-1494 Telephone
(509) 413-1724 Facsimile

Brian Cameron, WSBA #44905
*Cameron Sutherland, PLLC*
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
(509) 315-4507 Telephone
(509) 315-4585 Facsimile

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RYAN DALEY, and individual, and ISAAK CURRY, an individual, each on behalf of himself and all others similarly situated, | Case No.: 2:18-CV-00381-SMJ |
| Plaintiff, | FIRST AMENDED COMPLAINT |
| vs. | (JURY DEMANDED) |
| GREYSTAR REAL ESTATE PARTNERS, LLC, a Delaware limited liability company; GREYSTAR MANAGEMENT SERVICES, L.P., a Delaware corporation; GREYSTAR RS WEST, LLC, a Delaware limited liability company, | |
| Defendants. | |

FIRST AMENDED COMPLAINT - 1

Plaintiffs Ryan Daley and Isaak Curry, each on behalf of himself and all others similarly situated, by and through their attorneys, Kirk D. Miller of *Kirk D. Miller, P.S.*, and Brian G. Cameron of *Cameron Sutherland, PLLC*, allege the following:

## I. COMPLAINT

1.1  This is an action for damages and remedies against Greystar Real Estate Partners, LLC, Greystar Management Services, L.P., and Greystar RS West, LLC, pursuant to the Washington Residential Landlord-Tenant Act (RCW 59.18, *et seq.*)

## II. JURISDICTION & VENUE

2.1  Jurisdiction of this Court arises under 28 U.S.C. § 1332.

2.2  Defendant is a citizen of Delaware State.

2.3  Plaintiffs are each citizens of Washington State.

2.4  The matter in controversy is a putative class action which exceeds the sum or value of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

2.5  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

2.6  Venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendant conducts affairs and transacts business in this District, and the unlawful acts giving rise to this Complaint occurred in this District.

FIRST AMENDED COMPLAINT - 2

## III. PARTIES

3.1  At all relevant times, Plaintiff Daley was a resident of the state of Washington, residing within the territorial jurisdiction area of the United States District Court for the Eastern District of Washington.

3.1  At all relevant times, Plaintiff Curry was a resident of the state of Washington, residing within the territorial jurisdiction area of the United States District Court for the Eastern District of Washington.

3.2  Defendant Greystar Real Estate Partners, LLC is a Delaware limited liability company primarily engaged in the business of managing rental properties in Washington State and elsewhere.

3.3  The name "Greystar" is a trademarked name owned by Defendant Greystar Real Estate Partners, LLC.

3.4  Defendant Greystar Real Estate Partners, LLC and its related, parent, and subsidiary corporations are providers of services to residents, property owners, and investors in the multifamily real estate industry.

3.5  Defendant Greystar Real Estate Partners, LLC and its agents and employees are in the business of renting or leasing residential real estate in Washington State.

3.6  Defendant Greystar Real Estate Partners, LLC owns or operates the website www.greystar.com.

FIRST AMENDED COMPLAINT - 3

3.7 Defendant Greystar Real Estate Partners, LLC uses its website for online leasing of residential properties in Washington State and elsewhere.

3.8 Defendant Greystar Real Estate Partners, LLC is an owner, lessor, sublessor, or the designated representative of the owner, lessor, or sublessor, or an agent, resident manager, or a designated property manager for multiple dwelling units, or the property of which the dwelling unit is a part, throughout Washington State and elsewhere.

3.9 Defendant Greystar Real Estate Partners, LLC is a "Landlord" as defined by RCW 59.18.030(14).

3.10 Defendant Greystar Real Estate Partners, LLC is the parent corporation, which wholly owns the other two defendants.

3.11 Defendant Greystar RS West, LLC is an owner, lessor, sublessor, or the designated representative of the owner, lessor, or sublessor, or an agent, resident manager, or a designated property manager for multiple dwelling units, or the property of which the dwelling unit is a part, throughout Washington State and elsewhere.

3.12 Defendant Greystar RS West, LLC is a wholly owned subsidiary of Greystar Real Estate Partners, LLC.

FIRST AMENDED COMPLAINT - 4

3.13 All acts performed by Greystar RS West, LLC are done on behalf of and at the direction of Greystar Real Estate Partners, LLC.

3.14 Defendant Greystar RS West, LLC is an agent of Greystar Real Estate Partners, LLC.

3.15 Defendant Greystar RS West, LLC is a "Landlord" as defined by RCW 59.18.030(14).

3.16 Defendant Greystar Management Services L.P. is an owner, lessor, sublessor, or the designated representative of the owner, lessor, or sublessor, or an agent, resident manager, or a designated property manager for multiple dwelling units, or the property of which the dwelling unit is a part, throughout Washington State and elsewhere.

3.17 Defendant Greystar Management Services L.P. is a wholly owned subsidiary of Greystar Real Estate Partners, LLC.

3.18 All acts performed by Greystar Management Services L.P. are done on behalf of and at the direction of Greystar Real Estate Partners, LLC.

3.19 Defendant Greystar Management Services L.P. is an agent of Greystar Real Estate Partners, LLC.

3.20 Defendant Greystar Management Services L.P. is a "Landlord" as defined by RCW 59.18.030(14).

FIRST AMENDED COMPLAINT - 5

3.21  Defendant Greystar Management Services, L.P. was sued in this Court in 2015 in the case of *Fleming v. Greystar Management Services, L.P.* Case No. 2:15-cv-00174-SMJ.

3.22  The *Fleming* case asserted violations of federal law arising out of the defendant's property management practices – specifically its tactics used to collect post move-out charges from former tenants.

3.23  In *Fleming*, the answer filed at ECF No. 3 unequivocally stated that the wrong Greystar entity had been named and that the correct entity is 'Greystar Real Estate Partners, LP'.

3.24  After the parties agreed to amend the *Fleming* action to name 'Greystar Real Estate Partners, LP', Greystar decided 'Graystar Management Services, L.P.' was the correct party after all and proceeded to file additional pleadings and a dispositive motion.

3.25  *Fleming* was eventually certified as a class action and the class settled with Greystar Management Services, LP.

3.26  None of the named defendants herein have materially altered the scope of their functions and responsibilities within the Greystar Real Estate Partners LLC organization since 2015.

3.27  Greystar Real Estate Partners, LLC does not distinguish between itself and its subsidiaries in its online or print materials.

FIRST AMENDED COMPLAINT - 6

3.28 Using the Greystar trademark name, Greystar Real Estate Partners, LLC states on its website that

> [w]ith over 491,000 multifamily units and student beds under management globally, Greystar provides a wealth of experience in managing all product types and servicing a diverse investor group.

3.29 Greystar Real Estate Partners, LLC represents to the general public that it is a manager of residential properties in Washington and elsewhere.

3.30 Greystar Real Estate Partners, LLC controls the disclosures provided to prospective tenants on the www.greystar.com website.

3.31 Neither Greystar Management Services L.P., nor Greystar RS West, LLC have authority or control over Greystar Real Estate Partners, LLC with respect to the content of the information and disclosures on the www.greystar.com website.

3.32 On January 22, 2019, counsel for Defendant Greystar Management Services L.P. called Plaintiffs' counsel and, without explanation regarding what had changed in the Greystar corporate structure since 2015, stated that neither Greystar Management Services, L.P., nor Greystar Management Services, LLC could be liable for the acts and omissions complained of herein.

FIRST AMENDED COMPLAINT - 7

3.33  Counsel for Greystar Management Services, L.P. stated that Greystar RS West, LLC is the proper defendant in the case.

3.34  All Defendants are jointly and severally liable for the acts and omissions complained of herein.

## IV.    FACTS[1]

4.1  In May of 2018, Plaintiff Daley applied to rent a unit at the Bella Tess apartment complex in Spokane, Washington.

4.2  The Bella Tess apartments are owned or managed by Defendant Greystar.

4.3  In January 2018, Plaintiff Curry applied to rent a unit at The Homestead apartment complex in Spokane, Washington.

4.4  The Homestead apartments are owned or managed by Defendant Greystar.

4.5  Defendant obtains a tenant screening report on all prospective Washington tenants, who are over the age of eighteen, including Plaintiffs.

---

[1] As used herein and for the remainder of the Complaint, the terms "Defendant" and "Greystar" apply to each defendant individually and collectively. Each Defendant must file a separate Answer in response to this Complaint.

FIRST AMENDED COMPLAINT - 8

4.6  All prospective tenants in Washington State, who are over the age of eighteen, are required to pay a tenant screening fee prior to renting a unit at any property Defendant owns or manages.

4.7  Defendant utilizes web-based RealPage, Inc. to facilitate all online applications and tenant screening reports.

4.8  Defendant uses consumer reports to screen prospective tenants.

4.9  Prior to a prospective tenant being charged for a tenant screening fee, Defendant, either directly or through a RealPage, Inc. website, provides standardized disclosures to all prospective tenants.

4.10  The tenant screening fee is non-refundable.

4.11  Prior to charging a tenant screening fee, Defendant discloses to all prospective tenants, in relevant part:

> This information may be provided in the form of a consumer report obtained from one or more of the consumer reporting agencies listed below …

4.12  Under the Defendant's statement set forth above in ¶ 4.11, Defendant then lists four consumer reporting agencies from which Defendant might possibly obtain information regarding the prospective tenant.

4.13  Prior to the prospective tenant paying the tenant screening fee, Defendant does not disclose in writing, or by posting, from which, if

FIRST AMENDED COMPLAINT - 9

any, of the four listed consumer reporting agencies Defendant will obtain a report.

4.14 Defendant does not obtain consumer reports on prospective Washington tenants from more than one of the listed consumer reporting agencies.

4.15 Defendant obtains consumer reports from RealPage, Inc., which compiles consumer information obtained from other sources.

4.16 Defendant only obtained a consumer report from RealPage, Inc. when deciding whether to accept Plaintiff's application.

4.17 Prospective tenants are unable to find out through any medium which of the four consumer reporting agencies provided information to Defendant unless the rental application is denied or conditionally approved by Defendant.

4.18 For any prospective tenant, information contained in the consumer reports from the four different possible sources may be different.

4.19 Prior to a prospective tenant paying the tenant screening fee, Defendant does not disclose to any prospective tenant in writing, or by posting, whether it will accept a comprehensive reusable tenant screening report.

FIRST AMENDED COMPLAINT - 10

4.20 Defendant provides uniform tenant screening disclosures to all prospective Washington tenants.

### V. VIOLATIONS OF WASHINGTON'S RESIDENTIAL LANDLORD-TENANT ACT (RLTA), RCW 59.18, *ET SEQ*.

5.1 In 2012, the Washington legislature found the following with respect to landlords' use of tenant screening reports:

> The legislature finds that residential landlords frequently use tenant screening reports in evaluating and selecting tenants for their rental properties. These tenant screening reports purchased from tenant screening companies may contain misleading, incomplete, or inaccurate information, such as information relating to eviction or other court records. It is challenging for tenants to dispute errors until after they apply for housing and are turned down, at which point lodging disputes are seldom worthwhile. The costs of tenant screening reports are paid by applicants. Therefore, applicants who apply for housing with multiple housing providers pay repeated screening fees for successive reports containing essentially the same information.

5.2 Prior to the tenant being charged any fee for a tenant screening report, Defendant was, at all times relevant to this action, required by RCW 59.18.257 to provide the name and address of the consumer reporting agency from which it will obtain information about the prospective tenant.

5.3 Prospective tenants may decide where they will apply to rent based on which consumer report will be used for screening.

FIRST AMENDED COMPLAINT - 11

5.4 A prospective tenant who knows that derogatory information exists on one consumer report may choose not to waste the screening fee if another landlord utilizes the same report.

5.5 Alternatively, a prospective tenant may choose to apply with a prospective landlord because the prospective tenant knows that a particular consumer report contains no derogatory information.

5.6 Defendant's practice of providing the name and address of multiple possible sources of consumer information, from which any one, or none, may be used to screen the prospective tenant frustrates a prospective tenant's ability to make informed decisions regarding where to apply for rental housing.

5.7 Defendant's practice of providing multiple possible sources from which it may obtain a consumer report without disclosing specifically which consumer report will be accessed violates RCW 59.18.257(1)(a)(iii).

5.8 Effective June 9, 2016, prior to obtaining any information about a prospective tenant, Washington landlords are required to notify all prospective tenants in writing, or by posting, whether or not the landlord will accept a comprehensive reusable tenant screening report made available to the landlord by a consumer reporting agency. RCW 59.18.257(1)(a)(iv).

FIRST AMENDED COMPLAINT - 12

5.9 Defendant does not notify prospective tenants in writing, or by posting, whether or not it will accept a comprehensive reusable tenant screening report.

5.10 Defendant's failure to disclose whether it accepts a reusable tenant screening report violates RCW 59.18.257(1)(a)(iv).

5.11 Effective June 9, 2016, any landlord who maintains a web site advertising the rental of a dwelling unit or as a source of information for current or prospective tenants must include a statement on the property's home page stating whether or not the landlord will accept a comprehensive reusable tenant screening report made available to the landlord by a consumer reporting agency.

5.12 Defendant maintains web sites for all of its rental properties.

5.13 Defendant's websites advertise the properties and act as a source of information for current or prospective tenants.

5.14 None of the Defendant's web sites state on the property's home page whether or not the landlord will accept a comprehensive reusable tenant screening report.

5.15 Defendant's failure to disclose on the property's home page whether or not it will accept a comprehensive reusable tenant screening report violates RCW 59.18.257(2).

FIRST AMENDED COMPLAINT - 13

5.16  Landlords who violate RCW 59.18.257(1) are prohibited from charging prospective tenants for tenant screening fees.

5.17  By charging prohibited tenant screening fees, Defendant caused damage to the Plaintiffs and others.

5.18  Defendant has required more than one thousand (>1,000) prospective Washington tenants to pay a tenant screening fee as a condition of its rental application process since June 9, 2016.

5.19  Defendant has required more than ten thousand (>10,000) prospective Washington tenants to pay a tenant screening fee as a condition of its rental application process since June 9, 2016.

## VI.  UNJUST ENRICHMENT

6.1  Defendant was prohibited pursuant RCW 59.18.257 from charging any prospective Washington tenant a fee for tenant screening.

6.2  Defendant benefitted from receiving consumer reports and other useful information as a result of the prospective tenants paying the tenant screening fee.

6.3  Defendant was unjustly enriched by receiving the reports paid for by prospective tenants.

6.4  The value of the reports and information obtained by Defendant on each prospective tenant is equal to the amount paid by each tenant.

FIRST AMENDED COMPLAINT - 14

6.5   Defendant should not be allowed to retain the value it received via the illegal charges paid by prospective tenants.

## VII.   CLASS ALLEGATIONS

This action is brought on behalf of a class consisting of:

7.1   All persons;

7.2   Who applied to rent any property in the state of Washington;

7.3   Where the rental property, on the date of the application, was owned or managed by Defendant Greystar, or where Defendant Greystar was a "landlord" of the property, as defined by RCW 59.18.030(14);

7.4   Who paid any tenant screening fee to Defendant or its affiliates.

   7.4.1   For violations related to Defendant's failure to provide the consumer reporting agency information, the class period is three (3) years prior to filing of this action, through the date that the class is certified;

   7.4.2   For violations related to Defendant's failure to provide information regarding the comprehensive reusable tenant screening report, the class period is June 9, 2016, through the date that the class is certified.

7.5   Plaintiffs have the same claims as the members of the class. All of the claims are based on the same factual and legal theories.

FIRST AMENDED COMPLAINT - 15

7.6 Plaintiffs will fairly and adequately represent the interests of the class members. They are committed to vigorously litigating this matter.

7.7 Neither Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue this claim.

7.8 A class action is a superior method for the fair and efficient adjudication of this controversy.

7.9 Class wide damages are essential to induce Defendant to comply with the law.

7.10 The interests of the class members in individually controlling the presentation of separate claims against the Defendants is small, because the amount of damages recoverable in an individual case under RCW 59.18.257 is relatively small.

7.11 Certification of a class pursuant to Fed. R. Civ. Pro 23(b)(3) is appropriate. A class action is the only appropriate means of resolving this controversy because the class members are not aware of their rights, the class is comprised of a largely vulnerable population, and the amount of available damages for many of the class members may be relatively small. In the absence of a class action, a failure of justice will result.

FIRST AMENDED COMPLAINT - 16

7.12　Certification of a class pursuant to Fed. R. Civ. Pro. 23(b)(2) is also appropriate. Defendants acted on grounds generally applicable to the class, making declaratory relief appropriate with respect to the class as a whole.

## VIII. DEMAND

WHEREFORE, Plaintiffs demand judgment as follows:

8.1　Actual damages in the amount paid for tenant screening by each prospective tenant class member;

8.2　Statutory damages of $100, per prospective tenant, pursuant to RCW 59.18.257(3);

8.3　Costs and reasonable attorney's fees pursuant to RCW 59.18.257(3);

8.4　Pre-judgment interest on all amounts paid by prospective tenants for tenant screening fees;

8.5　Post-judgment interest;

8.6　Declaratory judgment that Defendant's practices violate Washington's Residential Landlord-Tenant Act (RCW 59.18, et seq.); and

8.7　Such other and further relief as may be just and proper.

FIRST AMENDED COMPLAINT - 17

DATED this 24th day of January, 2019.

*Kirk D. Miller, P.S.*

/s Kirk D. Miller
Kirk D. Miller, WSBA #40025
Attorney for Plaintiff

*Cameron Sutherland, PLLC*

/s Brian G. Cameron
Brian G. Cameron, WSBA #44905
Attorney for Plaintiff

FIRST AMENDED COMPLAINT - 18