FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 30, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

RYAN DALEY, an individual; and ISAAK CURRY, an individual, each on behalf of himself and all others similarly situated,

Plaintiffs,

v.

GREYSTAR REAL ESTATE PARTNERS LLC, a Delaware limited liability company; GREYSTAR MANAGEMENT SERVICES LP, a Delaware corporation; and GREYSTAR RS WEST LLC, a Delaware limited liability company,

Defendants.

No. 2:18-cv-00381-SMJ

**ORDER GRANTING PLAINTIFFS' MOTION TO AMEND COMPLAINT AND DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS COMPLAINT**

Before the Court, without oral argument, is Defendant Greystar Real Estate Partners LLC's Motion to Dismiss for Lack of Personal Jurisdiction, ECF No. 18, and Plaintiffs Ryan Daley and Isaak Curry's Motion for Leave to File Second Amended Complaint, ECF No. 23. Defendant seeks to dismiss Plaintiffs' claims against it, arguing it lacks the minimum contacts with Washington state required to confer personal jurisdiction over it. ECF No. 18. Plaintiff seeks to amend their

complaint to clarify Defendant's relationship to Washington state. ECF No. 23. The parties oppose each other's motions. ECF Nos. 21, 28. Having reviewed the pleadings and the file in this matter, the Court is fully informed and finds good cause to grant Plaintiffs' motion. Accordingly, the Court denies Defendant's motion as moot with leave to renew.

Federal Rule of Civil Procedure 15(a)(2) provides that a party seeking to amend a pleading after the opportunity to do so as a matter of course has passed, may do so "only with the opposing party's written consent or the court's leave." The rule instructs that the Court "should freely give leave when justice so requires." *Id.* The Court must apply this policy with "extreme liberality." *Rosenberg Bros. & Co. v. Arnold*, 283 F.2d 406, 406 (9th Cir. 1960); *accord Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1102 (9th Cir. 2018).

The Court may deny a party leave to amend a pleading "only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "[T]he consideration of prejudice to the opposing party carries the greatest weight." *Id.* (alteration in original) (quoting

ORDER GRANTING PLAINTIFFS' MOTION TO AMEND COMPLAINT AND DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS COMPLAINT **-** 2

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)).

Defendant argues Plaintiffs amended their complaint once before and fail to explain the reason they delayed these particular proposed amendments until now. *See* ECF No. 28 at 6. But this case is in its early stages; the Court issued its initial scheduling order just yesterday and the deadline to amend pleadings is not until February 7, 2020. ECF No. 33 at 2, 18. When Defendant filed its challenge to personal jurisdiction two days late, the Court found excusable neglect and granted it an extension of time. ECF No. 20. Two weeks later, Plaintiffs sought the Court's leave to amend their complaint. ECF No. 23. The record reveals no "strong evidence of 'undue delay, bad faith or dilatory motive . . . , [or] repeated failure to cure deficiencies.'" *Sonoma*, 708 F.3d at 1117 (quoting *Foman*, 371 U.S. at 182).

Defendant argues Plaintiffs' proposed amendments would be futile because they are unsubstantiated and do not establish personal jurisdiction. ECF No. 28 at 3–6. Similarly, Defendant argues Plaintiffs' proposed amendments would prejudice it by forcing it to defend in a forum that lacks personal jurisdiction. *Id.* at 6. Defendant's argument puts the cart before the horse because whether Plaintiffs' proposed amendments establish personal jurisdiction cannot be fully litigated and adjudicated unless and until the Court permits them. At this stage, the record reveals no "strong evidence of ' . . . undue prejudice . . . [or] futility of amendment.'" *Sonoma*, 708 F.3d at 1117 (alteration in original) (quoting *Foman*, 371 U.S. at 182).

ORDER GRANTING PLAINTIFFS' MOTION TO AMEND COMPLAINT AND DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS COMPLAINT - 3

Accordingly, **IT IS HEREBY ORDERED**:

**1.** Plaintiffs Ryan Daley and Isaak Curry's Motion for Leave to File Second Amended Complaint, **ECF No. 23**, is **GRANTED**.

    *A.* Plaintiffs shall file an amended complaint consistent with ECF No. 23-1 no later than **May 3, 2019**.

**2.** Defendant Greystar Real Estate Partners LLC's Motion to Dismiss for Lack of Personal Jurisdiction, **ECF No. 18**, is **DENIED AS MOOT**.

    *A.* Defendant may **RENEW** this motion in response to Plaintiffs' Second Amended Complaint.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 30th day of April 2019.

_____
SALVADOR MENDOZA, JR.
United States District Judge