UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 24, 2019

SEAN F. McAVOY, CLERK

| | |
|---|---|
| RYAN DALEY, an individual; and ISAAK CURRY, an individual, each on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GREYSTAR REAL ESTATE PARTNERS LLC, a Delaware limited liability company; GREYSTAR MANAGEMENT SERVICES LP, a Delaware corporation; and GREYSTAR RS WEST LLC, a Delaware limited liability company,<br><br>Defendants. | No. 2:18-cv-00381-SMJ<br><br>**ORDER DENYING DEFENDANT GREYSTAR REAL ESTATE PARTNERS LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

Before the Court, without oral argument, is Defendant Greystar Real Estate Partners LLC's ("GREP") Motion to Dismiss for Lack of Personal Jurisdiction, ECF No. 36. Plaintiffs Ryan Daley and Isaak Curry oppose the motion. ECF No. 37. Having reviewed the pleadings and the file in this matter, the Court is fully informed and denies the motion because Plaintiffs have demonstrated facts that, if true, would support exercising specific jurisdiction over GREP.

ORDER DENYING DEFENDANT GREYSTAR REAL ESTATE PARTNERS LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION **-** 1

## BACKGROUND

The complaint alleges that Plaintiffs and a putative class applied to rent units in Spokane, Washington apartment complexes owned or managed by Defendants individually and collectively. ECF No. 35 at 9. Plaintiffs paid Defendants nonrefundable prospective tenant screening fees and Defendants obtained prospective tenant screening reports on Plaintiffs. *Id.* at 9–10. Each application and screening process occurred on the internet. *Id.* at 9.

Defendants' standard disclosures listed four consumer reporting agencies from which they might possibly obtain screening information about Plaintiffs. *Id.* at 10. But Defendants ultimately obtained such information from additional or alternative sources not disclosed to Plaintiffs before they paid screening fees. *Id.* at 10–11. Further, Defendants failed to disclose whether they would accept comprehensive reusable prospective tenant screening reports on Plaintiffs. *Id.* at 11.

The complaint asserts causes of action for violations of the Residential Landlord-Tenant Act of 1973, chapter 59.18 of the Revised Code of Washington; and unjust enrichment. *Id.* at 11–15.

GREP is a limited liability company incorporated in Delaware with its principal place of business in South Carolina. ECF No. 19 at 1. GREP is "a parent corporation with subsidiaries," *id.*, including Defendants Greystar Management Services LP and Greystar RS West LLC, ECF No. 35 at 5–6. The complaint alleges

GREP's subsidiaries are its agents and all acts they perform are done on its behalf and at its direction. *Id.* Further, the complaint alleges GREP does not distinguish between itself and its subsidiaries in materials it makes available online or in print. *Id.* at 7. Indeed, GREP represents to the public that *it* is a manager of residential properties in Washington. *Id.* In a 2015 lawsuit over property management practices in Washington, specifically tactics used to collect charges from former tenants after they moved out, one of GREP's subsidiaries, also involved as a defendant here, had answered the complaint stating the correct defendant was "Greystar Real Estate Partners, LP." *Id.* at 6. Defendants have not materially altered the scope of their functions and responsibilities since 2015. *Id.* at 7.

The complaint alleges Defendants maintain websites for all their rental properties. *Id.* at 14. These websites advertise Defendants' rental properties and provide information for prospective tenants. *Id.* Despite local property managers operating their own websites, prospective tenants were directed to GREP's website—greystar.com—for application and payment processing. *Id.* at 4. GREP owned or operated that website until sometime around February 2019, when title vested in Greystar Worldwide LLC. *Id.*; ECF No. 30 at 2. Thus, GREP controlled the disclosures provided to prospective tenants on that website. ECF No. 35 at 8.

In this context, the complaint alleges the following key points relevant here:

//

ORDER DENYING DEFENDANT GREYSTAR REAL ESTATE PARTNERS LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION **-** 3

- GREP is "engaged in the business of managing rental properties in Washington State," *id.* at 3; ECF No. 37 at 3;
- GREP "and its agents and employees are in the business of renting or leasing residential real estate in Washington State," ECF No. 35 at 3; ECF No. 37 at 3;
- GREP "uses its website for online leasing of residential properties in Washington State," ECF No. 35 at 4; ECF No. 37 at 3;
- GREP is "an owner, lessor, sublessor, or the designated representative of the owner, lessor, or sublessor, or an agent, resident manager, or a designated property manager for multiple dwelling units, or the property of which the dwelling unit is a part, throughout Washington State," ECF No. 35 at 4; ECF No. 37 at 3; and
- GREP "substantially controls its subsidiary's activities by engaging in property management and corresponding services for all its subsidiary's properties nationwide, including instituting uniform procedures for property management and tenant relations," ECF No. 35 at 4; ECF No. 37 at 3.

## LEGAL STANDARD

On a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of showing the Court has jurisdiction over the defendant. *Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 671 (9th Cir. 2012). Where, as here, the Court holds no evidentiary hearing, the plaintiff "need only make a 'prima facie showing of jurisdictional facts to withstand the motion to dismiss.'" *Id.* at 671–72 (quoting *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006)). To make this showing, the plaintiff "need only demonstrate facts that if true would support jurisdiction over the defendant." *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003) (quoting *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir.

2001)). Further, the Court "resolves all disputed facts in favor of the plaintiff." *Wash. Shoe*, 704 F.3d at 672.

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). "Washington's long-arm statute extends jurisdiction over a defendant to the fullest extent permitted by the Due Process Clause of the Fourteenth Amendment." *Wash. Shoe*, 704 F.3d at 672 (citing Wash. Rev. Code § 4.28.185). Therefore, the relevant issue is whether exercising personal jurisdiction over a defendant in Washington satisfies due process principles. *See id.*

Due process principles require that a defendant "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 315 (1945) (internal quotation marks omitted); *accord BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017). Elaborating on this guide, the Supreme Court has distinguished between "general or all-purpose jurisdiction" and "specific or case-linked jurisdiction." *BNSF Ry.*, 137 S. Ct. at 1558.

**A.  General jurisdiction**

The Court may assert general jurisdiction over a foreign corporate defendant if its affiliations with the forum state are so "continuous and systematic" as to render it "essentially at home" there. *Id.* (quoting *Daimler*, 571 U.S. at 127). A corporate

ORDER DENYING DEFENDANT GREYSTAR REAL ESTATE PARTNERS LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION - 5

defendant's place of incorporation and principal place of business are the paradigmatic fora in which it is considered at home. *Id.* But in an exceptional case, a corporate defendant's operations in another forum may be so substantial and of such a nature as to render it essentially at home there as well. *Id.* This inquiry does not focus solely on the magnitude of a corporate defendant's in-state contacts but rather calls for an appraisal of all its activities in their entirety because an entity that operates in many places can scarcely be deemed at home in all of them. *Id.* at 1559.

**B.     Specific jurisdiction**

The Court may assert specific jurisdiction over a defendant if its "suit-related conduct" creates a "substantial connection" with the forum state. *Walden v. Fiore*, 571 U.S. 277, 284 (2014). The defendant must personally create minimum contacts with the forum state itself, not merely with persons who reside there. *Id.* at 284–85. Further, the suit must arise out of or relate to the defendant's contacts with the forum state. *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780 (2017). In other words, there must be an affiliation between the forum state and the underlying controversy—principally, an activity or occurrence that took place in the forum and is therefore subject to the state's regulation. *Id.*

//

//

//

There are three requirements for the Court to exercise specific jurisdiction over a defendant: (1) the defendant must either "purposefully direct"[1] its activities toward the forum or "purposefully avail"[2] itself of the privileges of conducting activities in the forum; (2) the claim must "arise[] out of or relate[] to" the defendant's forum-related activities; and (3) exercising jurisdiction over the defendant must "comport with fair play and substantial justice" in that it is "reasonable." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (quoting *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)). The plaintiff bears the burden of establishing the first two requirements and, if he or she does so, the burden shifts to the defendant to present a compelling case that exercising jurisdiction over it would be unreasonable. *Id.* at 1068–69.

//

---

[1] Under "the purposeful direction test," "[t]he defendant must have '(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'" *Axiom Foods*, 874 F.3d at 1069 (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 803 (9th Cir. 2004)).

[2] "A showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there." *Schwarzenegger*, 374 F.3d at 802. "By taking such actions, a defendant 'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Id.* (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). "In return for these 'benefits and protections,' a defendant must— as a quid pro quo—'submit to the burdens of litigation in that forum.'" *Id.* (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476 (1985)).

ORDER DENYING DEFENDANT GREYSTAR REAL ESTATE PARTNERS LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION - 7

## DISCUSSION

GREP argues that Plaintiffs fail to establish either general or specific jurisdiction. ECF No. 36 at 8–13. GREP claims that it conducts no business in, derives no revenue from, has no offices or employees in, has no customers in, and directs no advertising toward Washington. *Id.* at 2. GREP contends that the parent-subsidiary relationship between it and its Washington companies does not qualify to impute the subsidiaries' contacts to the parent. *Id.* at 10–11. In support, GREP submits the declaration of its tax director, Marie Parnell, and the declaration of its marketing director, Greg Benson. ECF Nos. 19, 30.

Plaintiffs dispute GREP's factual assertions and suggest the issue of personal jurisdiction is intertwined with the underlying merits of this case. *See* ECF No. 37 at 2. Plaintiffs contend GREP "makes a number of factual assertions that are seemingly contradicted by basic research on the topic." *Id.* at 4. In support, Plaintiffs present five exhibits. ECF No. 38 at 2–3; ECF Nos. 38-1 to -5.

Exhibit A is an address listing, retrieved on May 17, 2019 from mapquest.com, identifying the Seattle, Washington office location of "Greystar Real Estate Partners." ECF No. 38-1 at 2; *see also* ECF No. 38 at 2.

Exhibit B is a January 22, 2018 press release, retrieved on June 3, 2019 from the website of Business Wire Inc., discussing the apartment units that "Greystar Real Estate Partners, LLC" acquired in Seattle, as well as others it owned or

ORDER DENYING DEFENDANT GREYSTAR REAL ESTATE PARTNERS LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION - 8

managed in the Seattle metropolitan area or surrounding region. ECF No. 38-2 at 2–3; *see also* ECF No. 38 at 2. The webpage reads, in full,

> SEATTLE—(BUSINESS WIRE)—Funds managed by Greystar Real Estate Partners, LLC ("Greystar"), a global leader in the investment, development, and management of high-quality rental housing properties, today announced the acquisition of Zig Apartments, the brand new, 170-unit, core asset. The property also includes 5,018 square feet of retail space. Completed in the summer of 2017 with a full amenity package and luxury finishes, the asset is extremely well-located at 550 Broadway in Seattle's First Hill neighborhood, offering Class A living with immediate access to the city's burgeoning tech hub and a vibrant mix of shopping, dining and entertainment options.
>
> "Zig Apartments offers Greystar a rare opportunity to acquire a best-in-class multifamily asset in the strategic gateway market of Seattle. The property will greatly benefit from the city's robust employment growth and resulting positive rental trends," said Kevin Kaberna, Executive Director and leader of Greystar's US Investment platform. "This core plus acquisition is indicative of Greystar's continued commitment to acquiring core assets in up-and-coming areas of gateway markets where we can deliver maximum returns and outstanding value to our investors."
>
> Seattle leads the country in year-over-year job growth and has reached a record high of almost 1.7 million jobs. For the past seven years, an average of nearly 61,000 jobs have been added to the market annually. The asset's location at the heart of First Hill, the city's foremost medical community, and adjacent to the Central Business District (CBD), South Lake Union and Capitol Hill neighborhoods uniquely positions it to capitalize on this continued growth. With an address on Broadway, one of the most transit connected street in Seattle, Zig earns a Transit Score of 100 and Walk Score of 97.
>
> As the nation's largest apartment operator, Greystar currently owns 2,206 units in the Seattle Metro Area and manages 21,186 additional units in the region.

> **About Greystar**
>
> Greystar is a leading, fully integrated multifamily real estate company offering expertise in investment management, development and property management of rental housing properties globally. Headquartered in Charleston, South Carolina with offices throughout the United States, Europe, Latin America and Asia-Pacific, Greystar operates in over 130 markets globally and is the largest operator of apartments in the United States, managing over 420,000 units, with an aggregate estimated value of approximately $80 billion. Greystar also has a robust institutional investment management platform dedicated to managing capital on behalf of a global network of institutional investors with over $23 billion in gross assets under management including more than $8 billion of developments that have been completed or are underway. Greystar was founded by Bob Faith in 1993 with the intent to become a provider of world class service in the rental housing real estate business. To learn more about Greystar, visit www.greystar.com.

ECF No. 38-2 at 2–3.

Exhibit C is a December 1, 2018 job posting, retrieved on May 17, 2019 from the website of "Greystar Real Estate Partners, LLC," advertising a vacancy and accepting applications for a fulltime position as a service technician in Bellevue, Washington. ECF No. 38-3 at 2–3; *see also* ECF No. 38 at 2. The employment opportunity fell under the "Job Category" of "Construction/Development|General Labor|Maintenance/Renovations|Property Management/Real Estate." ECF No. 38-3 at 2.

Exhibit D is an apartment listing, retrieved on May 13, 2019 from Zillow.com, advertising a Seattle building with units for rent by the "Verified Source" of "Greystar Real Estate Partners, LLC." ECF No. 38-4 at 2; *see also* ECF

No. 38 at 3.

Exhibit E is a January 24, 2018 press release, retrieved on June 3, 2019 from the website of Connect Commercial Real Estate, again discussing the apartment units that "Greystar Real Estate Partners, LLC" acquired in Seattle. ECF No. 38-5 at 2–3; *see also* ECF No. 38 at 3.

Plaintiffs present these exhibits in support of the following allegations in the complaint:

- GREP is "engaged in the business of managing rental properties in Washington State," ECF No. 35 at 3; ECF No. 37 at 3;
- GREP "and its agents and employees are in the business of renting or leasing residential real estate in Washington State," ECF No. 35 at 3; ECF No. 37 at 3;
- GREP "uses its website for online leasing of residential properties in Washington State," ECF No. 35 at 4; ECF No. 37 at 3;
- GREP is "an owner, lessor, sublessor, or the designated representative of the owner, lessor, or sublessor, or an agent, resident manager, or a designated property manager for multiple dwelling units, or the property of which the dwelling unit is a part, throughout Washington State," ECF No. 35 at 4; ECF No. 37 at 3; and
- GREP "substantially controls its subsidiary's activities by engaging in property management and corresponding services for all its subsidiary's properties nationwide, including instituting uniform procedures for property management and tenant relations," ECF No. 35 at 4; ECF No. 37 at 3.

GREP dismisses Plaintiffs' exhibits as "hearsay statements by third parties, which include unverified information that is contradictory to the evidence provided through affidavit by persons of knowledge." ECF No. 42 at 2. GREP further argues Plaintiffs' exhibits are "refuted and opposed by actual documentation, including

leases, property management agreements, and further declaration." *Id.* Indeed, the evidence GREP submits in reply could explain away the significance of Plaintiffs' exhibits. *See* ECF No. 43 at 1–3; ECF Nos. 43-1 to -5. But at this stage, the Court must resolve all disputed facts in Plaintiffs' favor. *See Wash. Shoe*, 704 F.3d at 672.

As long as Plaintiffs demonstrate facts that, if accepted as true, would support personal jurisdiction over GREP, then Plaintiffs have made the required prima facia showing of jurisdictional facts and the Court must deny GREP's motion to dismiss it from this case. *See id.* at 671–72; *Harris Rutsky & Co.*, 328 F.3d at 1129 (quoting *Unocal*, 248 F.3d at 922). Plaintiffs have met their burden. Their exhibits, if accepted as true, demonstrate GREP itself created substantial real estate contacts with and purposefully directed its property leasing and rental management activities toward Washington,[3] and thereby purposefully availed itself of the privileges of doing business in Washington.[4] Plaintiffs' claims arise out of or relate to those same real estate contacts and property leasing and rental management activities in Washington. And, under these circumstances, exercising personal jurisdiction over

---

[3] This consists of GREP's intentional act of allegedly engaging in property leasing and rental management activities in Washington, expressly aimed at real estate located there, and causing harm that it knows is likely to be suffered by tenants or prospective tenants in Washington.

[4] This consists of GREP's actions in Washington that make it an alleged owner, landlord, or manager of apartment units located there, and which invoke the benefits and protections of Washington's property laws.

ORDER DENYING DEFENDANT GREYSTAR REAL ESTATE PARTNERS LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION **-** 12

GREP in Washington is reasonable and comports with fair play and substantial justice.[5] Therefore, Plaintiffs have demonstrated facts that, if true, would support exercising specific jurisdiction over GREP.

Accordingly, **IT IS HEREBY ORDERED**:

Defendant Greystar Real Estate Partners LLC's Motion to Dismiss for Lack of Personal Jurisdiction, **ECF No. 36**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 24th day of July 2019.

SALVADOR MENDOZA, JR.
United States District Judge

---

[5] GREP does not argue otherwise and, therefore, has not met its burden on this issue.

ORDER DENYING DEFENDANT GREYSTAR REAL ESTATE PARTNERS LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION **-** 13