FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 13, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RYAN DALEY, an individual; and ISAAK CURRY, an individual, each on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GREYSTAR REAL ESTATE PARTNERS LLC, a Delaware limited liability company; GREYSTAR MANAGEMENT SERVICES LP, a Delaware corporation; and GREYSTAR RS WEST LLC, a Delaware limited liability company,<br><br>Defendants. | No.   2:18-cv-00381-SMJ<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

Before the Court is Magistrate Judge Dimke's July 2, 2020 Report and Recommendation, ECF No. 93, recommending that the Court (1) deny Defendant Greystar Management's Motion for Summary Judgment, ECF No. 49, (2) deny Defendant Grey Star Real Estate Partners, LLC's Motion for Summary Judgment, ECF No. 53, (3) grant Plaintiff's Motion to Continue Defendants' Motions for Summary Judgment, (4) grant Plaintiffs' Motion for Class Certification as to their

ORDER ADOPTING REPORT AND RECOMMENDATION – 1

claims under Washington's Residential Landlord-Tenant Act (RLTA), (5) grant Plaintiffs' Motion to Extend Filing Deadline by One Day to File Reply in Support of Plaintiffs' Motion for Class Certification, ECF No. 74, (6) deny Defendant's request to strike page six of Plaintiffs' reply, ECF No. 77 at 3, (7) certify the putative class, (8) certify Plaintiffs as representatives of the class, (9) appoint Mr. Miller as class counsel pursuant to Federal Rule of Civil Procedure 23(g), and (10) set a schedule for filing of proposed class notices forms and any objections thereto. Defendants timely filed objections on July 16, 2020, ECF No. 94, and Plaintiffs filed a response on July 30, 2020, ECF No. 95. Defendants assert Plaintiffs' motion for class certification and for leave to file an untimely reply should be denied. ECF No. 94 at 2.

**BACKGROUND**

This putative class action in diversity arises from alleged violations of Washington's Residential Landlord-Tenant Act (RLTA), RCW 59.18 *et seq.* The Second Amended Complaint (the complaint) alleges Plaintiffs applied to rent units at the Bella Tess and The Homestead apartment complexes in Spokane Valley, Washington. ECF No. 35 at 9. The complaint further alleges Defendants Greystar Real Estate Partners, LLC (GREP), Greystar Management Services, L.P. (GMS), and Greystar RS West, LLC (GRSW)[1] own or manage these and other rental

---

[1] GREP is a parent corporation with subsidiaries, including Defendants GMS and

ORDER ADOPTING REPORT AND RECOMMENDATION – 2

properties in Washington and provide "uniform tenant screening disclosures to all prospective Washington tenants." *Id*. at 11.

Plaintiffs allege Defendants violated the RLTA by charging a nonrefundable screening fee without first notifying the prospective tenant—either in writing or by posting—of: (1) the name and address of the specific consumer reporting agency used to obtain information about the prospective tenant in violation of Revised Code of Washington § 59.18.257(1)(a)(iii); and (2) whether the landlord would accept a comprehensive reusable tenant screening report as required by Revised Code of Washington § 59.18.257(1)(a)(iv), (2). *Id*. at 13–15. Plaintiffs also assert common law claims for unjust enrichment, claiming Defendants have been unjustly enriched by having received the benefits of obtaining information about prospective tenants as a result of the unlawfully assessed fee and retaining reports paid for by prospective tenants. *Id*. at 15. Plaintiffs seek actual damages in the amounts paid for tenant screening, statutory damages of $100.00 per prospective tenant, declaratory judgment, pre-judgment and post-judgment interest, and attorney fees and costs. *Id*. at 18.

//

//

//

---

GRSW. ECF No. 45 at 2.

ORDER ADOPTING REPORT AND RECOMMENDATION – 3

Plaintiffs have moved to certify a class consisting of:

> All persons; Who applied to rent any property in the state of Washington; Where the rental property, on the date of the application, was owned or managed by Defendant Greystar, or where Defendant Greystar was a "landlord" of the property, as defined by RCW 59.18.030(14); Who paid any tenant screening fee to Defendant or its affiliates; between June 9, 2016, and the date that this class is certified.

ECF No. 55 at 6; ECF No. 35 at 16.

Defendants oppose class certification. ECF Nos. 64, 65. GREP and GMS have separately moved for summary judgment on the ground that they are improperly named defendants. Specifically, they contend that they do not meet the statutory definition of "landlord" under the RLTA and are not liable for unjust enrichment.[2] ECF Nos. 53, 55. Plaintiffs responded in opposition and separately moved to continue the summary judgment motions pursuant to Federal Rule of Civil Procedure 56(d), claiming Defendants have failed to produce discovery necessary to oppose summary judgment. ECF No. 57.

//

//

---

[2] On March 8, 2019, GREP filed a motion to dismiss for lack of personal jurisdiction arguing it lacked minimum contacts to confer personal jurisdiction. ECF No. 18. The Court granted Plaintiffs leave to amend the complaint and dismissed the motion as moot. ECF No. 34. The Court subsequently denied GREP's renewed motion to dismiss, ECF No. 36, concluding Plaintiffs had made the required *prima facie* showing of jurisdictional facts, which if true, would show purposeful availment and support the exercise of specific jurisdiction over GREP. ECF No. 45 at 12-13.

ORDER ADOPTING REPORT AND RECOMMENDATION – 4

**LEGAL STANDARD**

When a party files a timely objection to a Magistrate Judge's recommendation, the District Court must make a *de novo* determination regarding each portion of the recommendation to which the party objected. *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000); 28 U.S.C. § 636(b)(1)(C). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

**DISCUSSION**

Defendants raise four general categories of objections. First, Defendants argue Plaintiffs should not have been permitted to file an untimely reply. ECF No. 94 at 11–13. Second, Defendants argue Plaintiff should not have been permitted to raise arguments regarding predominance for the first time in that reply. *Id.* at 13–14. Third, Defendants argue Judge Dimke incorrectly accepted Plaintiffs' reliance on the allegations in the Second Amended Complaint, rather than requiring that Plaintiffs file separate evidentiary support. *Id.* at 4–9. Finally, Defendants argue Plaintiff have not met the requirements to show counsel are competent to represent the class or that Plaintiffs meet the predominance and superiority requirements for class certification. *Id.* at 9–11; 15–21.

A.  **Motion for Extension of Time and Motion to Strike as Untimely**

As to the first category of objection, the Court has conducted a *de novo* review and agrees with Judge Dimke's recommendation that Plaintiffs' motion to extend the filing deadline for their reply by one day should be granted and that Defendants' request to strike that reply as untimely should be denied. Where a party seeks to extend a deadline that has passed, it must show "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The Court's inquiry in such cases considers "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997)). Here, the one-day delay in filing a reply had no impact on the proceedings and caused no prejudice to Defendants, nor is there any indication that the mis-calendaring was in bad faith. As such, granting the motion for extension of time and considering the late-filed reply is appropriate.

B.  **Motion to Strike New Arguments**

The Court has conducted a *de novo* review of the issue of whether Plaintiffs' reply should be stricken for raising new arguments and agrees with the Report & Recommendation. District courts "need not consider arguments raised for the first

ORDER ADOPTING REPORT AND RECOMMENDATION – 6

time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (citing *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003)). However, numerous courts have recognized substantial overlap between the commonality preconditions of Rule 23(a)(2) and the predominance requirement of Rule 23(b)(3), though proof of commonality is "less rigorous" than the companion requirements of Rule 23(b)(3). *Hanlon*, 150 F.3d at 1019; *see Wolin*, 617 F.3d at 1172; *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1120 (9th Cir. 2017) (assessing commonality and predominance in tandem).

When addressing commonality in their original motion for class certification, Plaintiffs argued that "the common question presented by the putative class members is whether Defendants regularly failed to provide the disclosures required by RCW 59.18.257." ECF No. 54 at 14. Similarly, when Plaintiffs addressed predominance in their reply brief, they argued that "this is not a claim that will require factual inquiry of the individual class members because the claim rises or falls on the content of the disclosures that were provided to prospective tenants at the properties managed by the Defendants." ECF No. 72 at 6. Both the commonality and predominance arguments, then, center on Defendants' compliance or non-compliance with the disclosure requirements. Therefore, Plaintiffs were not raising new arguments in their reply brief, but instead mirroring arguments previously asserted in the original motion.

ORDER ADOPTING REPORT AND RECOMMENDATION – 7

C.  **Reliance on Allegations in Complaint**

The Court, having reviewed the issues in the Report & Recommendation *de novo*, agrees with the findings in the recommendation. Defendants assert Judge Dimke was incorrect to rely on the allegations in the Second Amended Complaint to find Plaintiffs had met the burden for class certification. ECF No. 94 at 4.

A plaintiff seeking class certification bears the burden of demonstrating "through evidentiary proof that the class meets the prerequisites of Rule 23(a)." *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1003–04 (9th Cir. 2018) (citing *In re Hyundai*, 881 F.3d 679, 690 (9th Cir 2018)). The standard is not a "mere pleading standard." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013). Rather "a party must not only 'be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact,' typicality of claims or defenses, and adequacy of representation, as required by Rule 23(a)," but also "satisfy through evidentiary proof at least one of the provisions of Rule 23(b)." *Id.* (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)).

Judge Dimke applied the appropriate "rigorous analysis" necessary for a determination of class certification. *Comcast Corp*, 569 U.S. at 33. While allegations in the complaint cannot be the sole basis for class certification, the Court may look to those allegations in making its determination. The Report and Recommendation looks beyond the allegations in Plaintiffs' complaint to consider

ORDER ADOPTING REPORT AND RECOMMENDATION – 8

Declarations made by the parties and other evidence. *See, e.g.,* ECF No. 93 at 28. The Court thus concludes Judge Dimke did not err in any reliance on the Plaintiffs' Second Amended Complaint.

**D.    Objections to Substantive Findings and Recommendations**

   **1.    Plaintiffs' Establishment of Fed. R. Civ. P. 23(a)(4)**

Federal Rule of Civil Procedure 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." This prerequisite applies to both the named class representatives and to class counsel. Defendants object that neither the class representatives, nor class counsel, are suitable representatives for the putative class. ECF No. 94 at 7, 9. The Court, having reviewed the issues in the Report & Recommendation *de novo*, agrees with the findings in the recommendation.

   **a.    Suitable Class Representatives**

Defendants object that Plaintiffs are not suitable representatives for the putative class. ECF No. 94 at 7. "To determine whether named plaintiffs will adequately represent a class, courts must resolve two questions: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members[;] and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011) (internal quotations omitted).

The named Plaintiffs represent they are "committed to vigorously litigating the matter." ECF No. 35 at 16. Here, the parties have not raised any obvious issues suggesting any conflicts between the class representatives and the other class members. *See Tyus v. Wendy's of Las Vegas Inc.*, 407 F. Supp. 3d 1088, 1099 (D. Nev. 2019) (noting "nothing in the record suggests a conflict"). The threshold for finding that class representatives adequately represent a class is low. *See, e.g., Local Joint Exec. Bd. Of Culinary/Bartender Tr. Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162 (9th Cir. 2001); *In re Twitter Inc. Secs. Litig.*, 326 F.R.D. 619, 628 (N.D. Cal. 2018). Here, the Court finds Plaintiffs have shown minimum suitability.

### b.     Competent Counsel to Represent the Class

Defendants also object to the recommendation finding that class counsel is adequate to represent the class. ECF No. 94 at 9. In determining the adequacy of class counsel, the factors the Court may consider include:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). Considering these factors, the Court agrees with the findings in the recommendation. This Court does not find persuasive Defendants' arguments that Plaintiffs' counsel fell short in their briefings. Rather, as explained

above, Plaintiffs' counsel has adequately demonstrated each requirement of class certification, reinforcing their competence as class counsel.

Further, Plaintiffs' counsel are members of the bar in good standing. Mr. Miller, lead attorney for the putative class, has signed a declaration attesting that he is experienced and qualified counsel. ECF No. 56. Both Mr. Cameron and Mr. Miller, in the complaint, confirmed they do not "have any interests which might cause them not to vigorously pursue this claim." ECF No. 35 at 17. Finally, this Court has previously appointed Mr. Miller and Mr. Cameron as class counsel in other, similar, class actions. *See, e.g., Fleming v. Greystar Mgmt. Servs. L.P., et al.* Case No. 2:15-cv-00174-SMJ.

### 2. Substantive Predominance Arguments

The Court, having reviewed the issues in the Report & Recommendation *de novo*, agrees with the findings in the recommendation. Defendants object that Plaintiffs have failed to establish predominance. ECF No. 94 at 15–20. The predominance requirement of Rule 23 "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods. V. Windsor*, 521 U.S. 591, 623 (2011). This requirement is "far more demanding" than the commonality requirement. *Id.* at 623–624. Common questions, which satisfy the predominance requirement, are defined by the plaintiffs' ability to make a *prima facie* showing using the same evidence. *Tyson Foods, Inc. v. Bouaphakeo*, 136 S.

ORDER ADOPTING REPORT AND RECOMMENDATION – 11

Ct. 1036, 1045 (2016). The class members' RLTA claims all rest on a central question: whether Defendants failed to provide the required disclosures under RLTA. While there may not be a single website to find all the answers Plaintiffs seek, the inquiry is not so individualized as to undermine predominance. In fact, the common disclosures and the limited number of properties at issue creates many more common questions than divergent, individualized inquiries. Further, even if calculations of damages vary, this does not outweigh the common questions Plaintiffs' claims present. *Id.* Therefore, predominance is established here.

### 3.  Superiority

The Court, having reviewed the issues in the Report & Recommendation *de novo*, agrees with the findings in the recommendation. Rule 23(b)(3) requires a putative class plaintiff show that the class action is the superior method for adjudicating the dispute. Defendants object that Plaintiffs have not made an adequate showing of superiority. ECF No. 94 at 20–21. Factors to be considered in weighing this question include the class members' individual interests, the extent and nature of the litigation, the desirability of concentrating the claims in a single suit, and the likely difficulties in managing the class action. Fed. R. Civ. P. 23(b)(3)(A)–(D).

Here, the damages that could be recovered by an individual plaintiff are relatively small. Class members are likely largely unaware and uninformed of their

rights and are "comprised of a largely vulnerable population." ECF No. 35 at 17. Despite Defendants' contention that the class will be unmanageable, the ability to aggregate the class members' small claims favors a class action. Therefore, the superiority requirement is met in this case.

## CONCLUSION

After reviewing the Report and Recommendation, Defendants' objections and Plaintiffs' response, as well as the relevant legal authorities, and having conducted a *de novo* review of the issues raised in the objections, the Court finds the Magistrate Judge's findings are correct. Therefore, the Court adopts the Report and Recommendation in its entirety.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Report and Recommendation, **ECF No. 93**, is **ADOPTED** in its entirety.

2. Defendant Greystar Management's Motion for Summary Judgment, **ECF No. 49**, is **DENIED**.

3. Defendant Grey Star Real Estate Partners, LLC's Motion for Summary Judgment, **ECF No. 53**, is **DENIED**.

4. Plaintiffs' Motion to Continue Defendants' Motion for Summary Judgment, **ECF No. 57**, is **GRANTED**.

| | | |
|---|---|---|
| 1 | **5.** | Plaintiffs' Motion for Class Certification, **ECF No. 55**, is **GRANTED** as to the RLTA claims only. |
| 2 | **6.** | Plaintiffs' Motion to Extend Filing Deadline by One Day to File Reply In Support of Plaintiffs' Motion for Class Certification, **ECF No. 74**, is **GRANTED**. |
| 3 | **7.** | Defendants' request to strike page 6 of Plaintiff's reply, **ECF No. 77 at 3**, is **DENIED**. |
| 4 | **8.** | The Court certifies the following class: |

All persons; Who applied to rent any property in the state of Washington; Where the rental property, on the date of the application, was owned or managed by Defendant, or where Defendant was a "landlord" of the property, as defined by RCW 59.18.030(14); Who paid any tenant screening fee to Defendant or its affiliates; between June 9, 2016, and the date that this class is certified.

**9.** The Court certifies Plaintiffs as representatives of the class.

**10.** The Court appoints Mr. Miller as class counsel pursuant to Rule 23(g).

//
//
//
//
//
//

**11.** In accordance with the Court's Order, ECF No. 91, the parties will file a joint status report within **five days** of this Order setting forth a proposed schedule for sending class notice and a proposed scheduling order for any pre-trial related dates and deadlines, including trial.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel and Magistrate Judge Dimke.

**DATED** this 13th day of August 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge