FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 01, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RYAN DALEY, an individual, each on behalf of himself and all others similarly situated, and ISAAK CURRY, an individual on behalf of himself and all others similarly situated,<br><br>                Plaintiffs,<br><br>        v.<br><br>GREYSTAR MANAGEMENT SERVICES LP, a Delaware corporation, GREYSTAR REAL ESTATE PARTNERS LLC, and GREYSTAR RS WEST LLC, a Delaware limited liability company,<br><br>                Defendants. | No.   2:18-cv-00381-SMJ<br><br>**SETTLEMENT ORDER AND FINAL JUDGMENT** |

Before the Court are Plaintiffs' Motion for Award of Attorneys' Fees, Costs, and Service Award, ECF No. 137, and Plaintiffs' Unopposed Motion for Final Approval of Class Settlement, ECF No. 144. The Court heard oral argument from the parties on January 11, 2022 and granted the motions. This Order memorializes and supplements the Court's oral rulings.

//

SETTLEMENT ORDER AND FINAL JUDGMENT – 1

On July 8, 2021, the Court granted preliminary approval to the proposed Settlement between Representative Plaintiffs and Defendants. ECF No. 130. The proposed Settlement resolves all the Settlement Class' claims against Defendants in exchange for Defendants' agreement to provide certain monetary relief to Settlement Class Members as set forth in the Agreement. ECF No. 129.

On January 11, 2022, the Court held a Settlement Hearing to consider whether to grant final approval to the proposed Settlement and to consider Class Counsel's and Plaintiffs' Motion for Award of Attorney's Fees, Costs, and Service Award to the Representative Plaintiffs ("Fee Application"). ECF No. 148. The Court heard argument from the parties' counsel and invited others who elected to appear to voice their support for, or objection to, the Settlement and/or the Fee Application. Though no objectors appeared at the hearing, the Court did receive two written objections. ECF Nos. 142–43. The first was based on the mistaken belief that the class member would have to pay Defendant. ECF No. 142. After clarification, the class member indicated she no longer wished to pursue her objection. *See* ECF No. 144 at 18. The other objection, ECF No. 143, primarily concerned the process and form of the class notice given, but the Court overrules the objection, finding that it does little to undermine the notice process or the proposed Settlement. Counsel for Defendants and Plaintiffs both appeared and argued in support of final approval.

SETTLEMENT ORDER AND FINAL JUDGMENT – 2

Having considered the papers filed in support of and in opposition to final approval of the Settlement, including supporting declarations; oral arguments of counsel; Class Counsel's Fee Application; the Agreement; and the pleadings, the Court **GRANTS** Plaintiffs' Motion for Award of Attorneys' Fees, Costs, and Service Award, **ECF No. 137**, and Plaintiffs' Unopposed Motion for Final Approval of Class Settlement, **ECF No. 144**. Moreover, the Court finds and concludes as follows:

1. ***Definitions***. The definitions and provisions of the Settlement Agreement and Release of Claims (the "Agreement"), ECF No. 129-1, Ex. 1, are incorporated in this Final Judgment as though fully set forth herein.

2. ***Jurisdiction***. The Court has jurisdiction over the subject matter of the Agreement with respect to and over all parties to the Agreement, including Representative Plaintiffs and all members of the Settlement Class.

3. ***Settlement Approval***. The Court hereby **GRANTS FINAL APPROVAL** to the Settlement and finds the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of the Settlement Class. The Court finds the Settlement is within the authority of the parties and the result of extensive arm's length negotiations between the parties and their counsel.

4. ***Exclusion from Settlement Class***. Certain members of the Settlement Class have timely requested to be excluded from the Class and the Settlement. *See*

SETTLEMENT ORDER AND FINAL JUDGMENT – 3

ECF No. 146-3. Accordingly, this Final Judgment shall not bind or affect Settlement Class Members listed on ECF No. 146-3.

5. **_Objections Overruled_**. The Court has considered and hereby overrules all objections brought to the Court's attention, whether properly filed or not.

6. **_No Admission_**. Neither this Final Judgment nor the Agreement is an admission or concession by Defendants of the validity of any claims or of any liability or wrongdoing or of any violation of law. This Final Judgment and the Agreement do not constitute a concession and shall not be used as an admission or indication of any wrongdoing, fault, or omission by Defendants or any other person in connection with any transaction, event, or occurrence, and neither this Final Judgment nor the Agreement nor any related documents in this proceeding, nor any reports or accounts thereof, shall be offered or received in evidence in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to consummate or enforce this Final Judgment, the Agreement, and all releases given thereunder, or to establish the affirmative defenses of _res judicata_ or collateral estoppel barring the pursuit of claims released in the Agreement.

7. **_Dismissal with Prejudice_**. This Court hereby **DISMISSES WITH PREJUDICE** all claims of members of the Settlement Class against Defendants arising from or relating to any violations of RCW 59.18.257, including any

associated common law actions, that were or could have been brought in this Action.

8. *Release*. Representative Plaintiffs, for themselves and as the representatives of the Settlement Class, and on behalf of each Settlement Class Member who has not timely opted out and each of their respective agents, successors, heirs, assigns, and any other person who can claim by or through them in any manner, fully, finally, and forever irrevocably release, relinquish, and forever discharge with prejudice all Released Claims against the Released Parties.

9. ***Injunction Against Asserting Released Claims***. Representative Plaintiffs, all Settlement Class Members, and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, are permanently enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims, provided, however, that this injunction shall not apply to individual claims of any Settlement Class Members listed on ECF No. 146-3 who timely requested exclusion from the Settlement Class. This injunction is necessary to protect and effectuate the settlement, this Order, and the Court's flexibility and authority to effectuate this settlement and to enter judgment when appropriate and is ordered in aid of the Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

SETTLEMENT ORDER AND FINAL JUDGMENT – 5

//

//

10. **General Release Acknowledgement**. By operation of this Final Judgment, the Representative Plaintiffs and Defendants expressly waive, and each Settlement Class Member is deemed to have waived, any and all claims, rights, or benefits they may have under California Civil Code § 1542 and any similar federal or state law, right, rule, or legal principle that may apply. California Civil Code § 1542 provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

11. **Class Notice**. The Settlement Administrator completed the delivery of Class Notice according to the terms of the Agreement. The Class Notice given by the Settlement Administrator to the Settlement Class, which set forth the principal terms of the Agreement and other matters, was the best practicable notice under the circumstances. The Class Notice program prescribed by the Agreement was reasonable and provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Agreement, to all parties entitled to such notice. The Class Notice given to the Settlement Class Members satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the

SETTLEMENT ORDER AND FINAL JUDGMENT – 6

requirements of constitutional due process. The Class Notice was reasonably calculated under the circumstances to apprise Settlement Class Members of the pendency of this Action, all material elements of the Settlement, and their opportunity to exclude themselves from, object to, or comment on the Settlement and appear at the Settlement Hearing. The Court has afforded a full opportunity to all Settlement Class Members to be heard. Accordingly, the Court determines that all members of the Settlement Class, except those who timely excluded themselves from the Class, are bound by this Final Judgment.

12. ***Notifications to Appropriate Federal and State Officials***. Defendants timely served a notice of the proposed Settlement upon the appropriate state official of each State in which a Class member resides and upon the Attorney General of the United States. The Court finds that the notice provided by Defendants satisfied the requirements of 28 U.S.C. § 1715(b) and that more than ninety (90) days have elapsed since Defendants provided the required notice, as required by 28 U.S.C. § 1715(d).

13. ***Continuing Jurisdiction***. Without affecting the finality of this Final Judgment, the Court retains continuing jurisdiction over (a) implementation of the Agreement, distribution of the settlement payments, service award, and attorneys' fees and costs contemplated by the Agreement, and processing of the claims permitted by the Agreement, until each and every act agreed to be performed

pursuant to the Agreement has been performed, and (b) all parties to this Action and members of the Settlement Class for the purpose of enforcing and administering the Agreement.

14. ***Service Award***. As an incentive payment in compensation for the time, effort, and risk they undertook as representatives of the Settlement Class, the Court hereby awards $2,500.00 to Representative Ryan Daley and $2,500.00 to Representative Isaak Curry.

15. ***Class Counsel Fee and Cost Award***. The Court hereby awards attorneys' fees and costs to compensate Class Counsel for their time incurred and costs advanced. The Court has concluded that: (a) Class Counsel achieved a favorable result for the Class by obtaining Defendants' agreement to make available to Settlement Class Members certain monetary relief; (b) Class Counsel devoted substantial effort to pre- and post-filing investigation, legal analysis, and litigation; (c) Class Counsel prosecuted the Class's claims on a contingent-fee basis, investing significant time and accumulating costs with no guarantee that they would receive compensation for their services or recover their costs; (d) Class Counsel employed their knowledge of and experience with class action litigation in achieving a valuable settlement for the Class, in spite of Defendants' possible legal defenses and their experienced and capable counsel; (e) Class Counsel have standard contingent fee agreements with Representative Plaintiffs, who have reviewed the

Agreement and been informed of Class Counsel's attorney fee and cost application and have approved; (f) the Class Notice informed Settlement Class Members of Class Counsel's fee and cost request under the Agreement; and (g) Class Counsel filed and posted their Fee Application in time for Settlement Class Members to make a meaningful decision whether to object to the Fee Application. Based upon these conclusions, and finding that Class Counsel's Fee Application is meritorious, the Court hereby approves Class Counsel's Fee and Cost Application and awards to Class Counsel fees and costs in the amount of $625,000.00. This aggregate payment amount to Class Counsel is reasonable considering the significant effort by Class Counsel, the quality of the result achieved for the Class, the skill and persistence of Class Counsel in achieving the result, and the uncertainty of the result in contrast to Class Counsel's significant outlays in time and money to advance the interests of the Class. All such fees and costs are in lieu of statutory fees and costs that the Representative Plaintiffs and/or the Settlement Class might otherwise have been entitled to recover.

//

//

//

//

//

SETTLEMENT ORDER AND FINAL JUDGMENT – 9

//

16. *Payment Timing*. Defendants, through the Settlement Administrator, shall pay the fee and cost award to Class Counsel and the Service Award to Representative Plaintiffs, as well as amounts due to eligible Settlement Class Members who filed timely and valid claims under the Agreement, in accordance with and at the times prescribed by the Agreement.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 1st day of February 2022.

_____
SALVADOR MENDOZA, JR.
United States District Judge